AVANTI PRODUCTS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 89–11–00620

(Dated June 4, 1992)

*Peter S. Herrick* for the plaintiff.
*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice (*Nancy M. Frieden*) for the defendant.

## MEMORANDUM AND ORDER

AQUILINO, *Judge:* Subsequent to receipt of plaintiff's formal request for trial on or about January 13, 1992 at Miami, Florida, the chief judge of this Court of International Trade assigned the above-encaptioned action to me, whereupon a letter issued on January 9, 1992 to both sides to the effect that, after review of the pre-existing file, no further extensions of time to respond to plaintiff's request would be granted.

Comes now the plaintiff with a motion styled as for leave to file a motion for an extension of time out of time, the sum and substance of which is stated as follows:

> Plaintiff's response to defendant's first request for admissions directed to plaintiff was due on March 5, 1992. Through excusable neglect plaintiff failed to respond to this request by the date its response was due. Accordingly, plaintiff requests leave to file a motion for an extension of time out of time, to enable the plaintiff to respond appropriately to defendant's first request for admissions directed to plaintiff.

Apparently, the defendant has consented to this motion, but the court is not free to do so. First, since CIT Rule 36 calls generally for responses to requests for admissions within 30 days of service thereof, plaintiff's admitted neglect presumably commenced well before March 5, 1992, making its instant motion tardy in the extreme. Second, even if plaintiff's neglect were excusable, as claimed, its motion does not present any facts whatsoever to that effect, and upon which an affirmative decision could be based. As this court has repeatedly stated, "[w]hen formal, interlocutory relief becomes necessary, motions therefor must be presented in such a way as to convince the court that grant is appropriate." *Takashima USA Inc. v. United States,* 16 CIT 11, 12, Slip Op. 92–3, at 3 (Jan. 15, 1992), *Fada Industries, Inc. v. United States,* 14 CIT 645, 647, Slip Op. 90–89, at 4 (Sept. 7, 1990) citing *Proceedings of the Second Annual Judicial Conference of the U.S. Court of Int'l Trade,* 111 F.R.D. 504, 586 (1985) (Aquilino, J.). The absence of any alleged supportive facts is all the more critical in view of the precise nature of the relief the plaintiff seeks. Indeed, a party plaintiff has a primary and independent obligation to prosecute any action brought by it—from the moment of commencement to the moment of final resolution. That primary re-

sponsibility never shifts to anyone else and entails the timely taking of all steps necessary for its fulfillment. Finally, receipt of plaintiff's motion by the court on June 1, 1992, or some 142 days after issuance of the January letter, which was essentially for the benefit of the plaintiff to begin with, hardly bespeaks diligence now on its part.

With this denial of plaintiff's motion for leave to file a motion for an extension of time out of time, counsel on both sides are to confer and propose a firm trial date to the court on or before June 12, 1992.